**MATTHEW RIGHETTI, ESQ.** {121012}
**JOHN GLUGOSKI, ESQ.** {191551}
**MICHAEL RIGHETTI, ESQ.** {258541}
**RIGHETTI • GLUGOSKI, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:     (415) 983-0900
Facsimile:      (415) 397-9005

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CASE NO.

LESLIE TAYLOR-THOMAS, an individual, and on behalf of all others similarly situated,

    Plaintiff,

GENEX HOLDINGS INC, dba GENEX SERVICES INC., a Delaware Corporation And DOES 1-50 inclusive,

      Defendants.

_____/

**CLASS ACTION**

COMPLAINT FOR VIOLATION OF:

1. VIOLATION OF FLSA
2. VIOLATION OF CA LABOR CODE
3. VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

4. RETALIATION (PLAINTIFF ONLY)
5. WRONGFUL TERMINATION (PLAINTIFF ONLY)

## INTRODUCTION

Comes the representative Plaintiff, Leslie Taylor-Thomas and files this lawsuit against Defendants GENEX HOLDINGS INC, dba GENEX SERVICES INC for themselves and all other similarly situated, for legal relief to redress unlawful violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of the FLSA by GENEX HOLDINGS INC, dba GENEX SERVICES INC. (collectively, "GENEX" and/or "Defendants") which have deprived the named Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful wages.  The suit is brought on behalf of the named Plaintiff and all others similarly situated, pursuant to both California law and § 216(b) of the FLSA.

## JURISDICTION AND VENUE

2.     Jurisdiction over Plaintiff's federal claims is based upon: (a) Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which authorized employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employers' failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  At all times material herein, Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California.

4.     Jurisdiction over Plaintiff's state law class action claims under the California Labor Code and the claim under §17200 of the California Business and Professions Code are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiff's federal

claims that they form a part of the same case or controversy between Plaintiff and Defendants.

5.      The Plaintiff was an employee for the Defendants, and brings this action as a collective action in accordance with 29 U.S.C. §216(b) of the FLSA against the Defendants on behalf of themselves and all others similarly situated because of Defendants' unlawful deprivation of Plaintiff's rights to all wages owed.   Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended 29 U.S.C. § 201 *et seq.*  Plaintiff also seeks relief on a collective and class-wide basis challenging the unlawful business practice engaged in by Defendants of failing to compensate Plaintiff and all others similarly situated for all wages owed.

6.      Defendant GENEX is the nation's leading provider of integrated managed care services, focused on controlling health costs and reducing disability  expenses.  The company focuses on 3 critical areas:  workers' compensation  and disability    management, medical cost containment,    social    security representation.   GENEX serves employer groups, insurance and managed care providers, and benefit    administrators.    Services include workplace injury management, vocational rehabilitation, catastrophic case management, medical bill auditing, and social security disability claim representation.   To successfully compete against the other comprehensive medical management service providers, GENEX substantially reduced its labor costs by placing the burden of overtime work on a smaller number of salaried employees that GENEX classified as exempt from overtime wages and other related benefits.   The goal of overtime laws includes expanding employment throughout the workforce by putting financial pressure on the employer and nurturing a stout job market, as well as the important public policy goal of protecting employees in a relatively weak bargaining position against the unfair scheme of uncompensated overtime work.   An employer's

obligation to pay its employees' wages is more than a matter of private concern between the parties. That obligation is founded on a compelling public policy judgment that employees are entitled to work a livable number of hours at a livable wage. In addition, statutes and regulations that compel employers to pay overtime relate to fundamental issues of social welfare worthy of protection. The requirement to pay overtime wages extends beyond the benefits individual workers receive because overtime wages discourage employers from concentrating work in a few overburdened hands and encourage employers to instead hire additional employees. Especially in today's economic climate, the importance of spreading available work to reduce unemployment cannot be overestimated.

7.     As part of their business, GENEX employs a fleet of Field Nurse Case Managers. The employees employed in positions at GENEX with the titles of "Field Nurse Case Manager," "Telephonic Case Manager," and "Medical Case Manager, (herein after Field Case Managers)" all perform the same primary job duty which is to perform day-to-day routine clerical work in the management of medical conditions of injured workers and/or chronically ill patients and are collectively referred to herein as the "Field Case Managers." These Employees are expected to perform these services to customers. These Employees are not compensated by Defendant for all hours worked.

8.     The FLSA claim is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a nation-wide "opt-in" collective action (hereinafter "the FLSA Action"). The FLSA Action is brought on behalf of all persons in the United States who have been, are and/or will be employed by Defendants as "Field Case Manager," Retail who during the period three years prior to the date that this lawsuit was filed through the date of judgment (hereinafter "the FLSA Employees"). The FLSA Action seeks to (i) recover unpaid wages and overtime compensation owed to the FLSA Employees, (ii) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA, and (iii) recover

reasonable attorneys' fees and costs of the action, as provided for by Section 16(b) of the FLSA.

9.      Plaintiff also asserts various claims under California law as a conventional "opt-out" class action under Rule 23 of the Federal Rules of Civil Procedure ("the California Class").  The California Class Action is brought on behalf of all persons who have been, are and/or will be employed by Defendants in the position of "Field Case Manager," in the State of California at any time during the period four years prior to the date that this lawsuit was filed through the date of judgment.  The California class has claims based upon the same unlawful business practice of not paying Genex Employees wages and/or compensation for all hours worked as required under the applicable California law including the Labor Code, UCL, and Wage Orders.  The California class also has claims based upon the illegal and unlawful business practices of a) failing to pay the California class premium wages owed for overtime hours worked based on the legally required "regular rate" including any commission and/or bonus wage compensation. Plaintiff is informed and believe, and based thereon allege, that Genex knew or should have known that Plaintiff and the other California class members were entitled to receive premium wages for overtime compensation based on a regular rate that includes commission and/or bonus wages and that neither Plaintiff nor the California class were receiving all minimum wages due and owing under the law for overtime hours worked, and b) failing to timely pay the California class all wages owed upon discharge or resignation.  Plaintiff and the other California class members did not receive payment of all wages, including overtime and minimum wages, within any time permissible under California Labor Code section 204, and c) failing to provide Plaintiff and the California class with complete and accurate payroll/wage statements and/or reports in accordance with California law.

10.    The California class seeks to (i) recover daily and weekly unpaid compensation owed to the California class, (ii) waiting time penalties under Section 203 of the California Labor Code owed to those members of the sub-class whose employment with Genex has terminated and who have not been timely paid all wages due to them upon termination of their employment, (iii) damages as permitted under California Labor Code Section 226, and (iv) recover reasonable attorneys' fees and costs as provided for by the California Labor Code.

11.    Finally, the claim under Section 17200 of the California Business and Professions Code seeks equitable and injunctive relief enjoining Defendants from failing to make, keep and preserve the records required by the FLSA and California law. This claim also seeks to obtain (i) restitution as allowed by the UCL, and (ii) reasonable attorneys' fees and costs as provided for by Section 1021.5 of the California Code of Civil Procedure.

12.    The FLSA Action is maintained as a collective action under 29 U.S.C. § 216(b) on behalf of all past, present and future employees of Defendant who have been, are and/or will be employed as "Field Case Manager," who worked in the United States during the period three years prior to the date that this lawsuit was filed through the date of judgment. Plaintiff is a citizen of the United States, and resides in the State of California.  At all times material herein, each of the named Plaintiff has been employed by Defendants, in one of the positions of "Field Case Manager."  Plaintiff is identified in the caption of the Complaint and have given their written consent to be the party Plaintiff in this action pursuant to 29 U.S.C. § 216(b). The California class is maintained on behalf of a class of past, present and future employees of Defendants who have been employed as "Field Case Manager," in the State of California at any time during the period four years prior to the date that this lawsuit was filed through the entry of judgment.

**ARBITRATION**

13.    The parties have in place an arbitration agreement that requires the parties to arbitrate certain claims; however, there is a ban on class action and/or collective actions as part of that agreement. As a condition of employment, Plaintiff and the class were required to accept a ban on the right to bring a class action and/or collective action contained in the  arbitration agreement.  On August 22, 2016, in *Morris v. Ernst Young* Case No. No. 13-16599, the Ninth Circuit Court of Appeal confirmed that such bans on class actions and/or collective actions violate federal law by violating  the National Labor Relations Act and thus are unenforceable.  The arbitration agreement requires that the parties submit their disputes to the American Arbitration Association.  Plaintiff filed a Demand for Arbitration of the claims alleged herein. The Demand was styled as a class action. On September 15, 2016, American Arbitration Association rejected Plaintiff's Demand for Arbitration on the grounds that the arbitration agreement at issue has a ban on class action and the American Arbitration Association's policy is not to accept class arbitration where the arbitration agreement has a ban on class actions. Plaintiff brought the *Morris v. Ernst Young* decision to the attention of the American Arbitration Association, who confirmed on September 16, 2016 that  the previous decision rejecting the class arbitration remains in effect despite the *Morris* decision. The American Arbitration Association confirmed that it would only accept the matter if the class allegations were removed and the arbitration proceeded as a single plaintiff arbitration. Since the American Arbitration Association will not accept this matter as a class arbitration, Plaintiff's only course of action to enforce her rights under the NLRA and to pursue this matter as a class action/collective action is through the filing of this action.

**THE PARTIES**

14.    The named Plaintiff, Leslie Taylor-Thomas is a citizen of the United States residing in the State of California.  Plaintiff has standing to pursue the Third

Claim for Relief under California Business and Professions Code Section 17200 on behalf of public interest.  Plaintiff Taylor-Thomas is a former employee of Genex.  Plaintiff Taylor-Thomas worked for Genex, Plaintiff Leslie Taylor-Thomas was employed by GENEX in the Northern District of California from January of 2014 to approximately May 3, 2016 as a Field Case Manager and at all relevant times has been classified as a salaried employee exempt from overtime pay and other related benefits. During her employment with Genex, like other Genex Employees, Plaintiff regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek. Plaintiff has not been paid all wages owed to them for all hours worked as required under the FLSA and California law.  Plaintiff has been injured by the illegal practices and conduct alleged in this complaint.  Plaintiff's claims under the FLSA and/or California law are similar to and typical of the claims of the FLSA Employees and the members of the California class.

15.    As defined by GENEX's comprehensive corporate policies and procedures, the Plaintiff and the other Field Case Managers perform a finite set of non-exempt clerical tasks of meeting with clients in their homes, physician's or therapist's offices and/or work sites,  interviewing clients, reviewing client's pre-injury and/or pre-illness position, making appointments with client's physician or therapist, listening to and reviewing the physician's or therapist's diagnosis, obtaining prescriptions, communicating both in-person and by telephone with clients, employers, medical providers, attorneys, insurance carriers and claims adjusters, applying all special instructions required by individual insurance carriers and referral sources, following all pre-established and required case management plans, preparing reports and other required paperwork to document all casework activities, meeting weekly billing requirements, operating office machines, accessing filing cabinets, and attending staff meetings, workshops and/or training programs all in strict compliance with established specific procedures and

protocols which governed and controlled every aspect of the work performed by the Plaintiff and other Field Case Managers. These standardized procedures mirror the realities of the workplace evidencing a uniformity of the highly skilled clerical work performed by the Plaintiff and other Field Case Managers and negate any exercise of independent judgment and discretion as to any matter of significance and negate any role in the participation of formulating GENEX business policies.

16.     Plaintiff and other Field Case Managers job duties include monitoring a recovery plan controlled by a physician and a claims adjuster and the Field Case Managers do not have the power to alter that course of treatment. Any advice Plaintiff and other Field Case Managers provide is on an individual level, far from questions affecting management or general operations of the business.  Rather, Plaintiff and other Field Case Managers use their RN training to coordinate care, act as intermediary between patients, adjustors, and doctors and operate in a framework in which these employees do not exercise ultimate decision-making power.

17.     In March 2016, Plaintiff was found to be non-exempt by Arbitrator Honorable William Cahill (ret.) on the grounds that the Field Case Manager duties performed by Plaintiff did not meet the criteria for overtime exemption for several reasons including failure to meet the requirement that the Case Manager position have independent judgment and discretion. Following the arbitration decision, Plaintiff continued to work for Genex in the same role, performing the same functions and was not reclassified as non-exempt nor paid overtime.

18.     On information and belief, Defendant is qualified to and does do business in the State of California and nationwide.

19.     Defendants jointly maintain either actual or constructive control, oversight, or direction over the operations of its retail stores and employment practices applicable to Plaintiff and the alleged class.

20.     Defendants are subject to personal jurisdiction in the State of California for purposes of this lawsuit.

21.     At all times material to this action, Genex has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA, and has had a gross volume of sales which has exceeded $500,000.

22.     At all times material to this action Defendants have been an "employer" of the named Plaintiff, as defined by §203(d) of the FLSA.

## CLASS ACTION ALLEGATIONS

23.     The California class may be appropriately maintained as a class action under Rule 23 because all of the prerequisites set forth under Rule 23 are met.

24.     Members of the California class are so numerous that joinder of all such members is impracticable.  Although exact size of the California class is unknown, it is believed and alleged that the number of persons currently employed as Field Case Managers by Genex in the State of California number more than 50, and over the past four years, it is believed and alleged that Genex has employed more than 200 persons as Field Case Managers in the State of California.  The number of current and former California-based employees of Genex is so numerous that joinder is impracticable if not impossible.

25.     There are questions of law and fact common to the California class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, predominate common questions of fact and law include Defendant's policy and practice of uniformally classifying the Field Case Manager position as exempt from overtime and failing to pay the Field Case Managers overtime compensation violates applicable provisions of the FLSA and California Labor laws; the propriety of Defendant's record keeping policies and practices; the propriety of Defendant's premium overtime calculations for weeks where

commission and/or bonus is earned; whether all wages were timely paid to employees upon termination of employment; and whether the information provided to employees is compliant with the requirements of Labor Code 226. (Fed.R.Civ.P. 23(b)(3)).

26.    The prosecution of separate actions by the California sub-class would create a risk of inconsistent or varying adjudications with respect to individual members of the California class that would establish incompatible standards of conduct for parties opposing the class. (Fed.R.Civ.P. 23(b)(1)(A).)

27.    Plaintiff will fairly and adequately protect the interests of the California class because she and her counsel possess the requisite resources and abilities to prosecute this case as a class action.

28.    The prosecution of separate actions by the California class would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. (Fed.R.Civ.P. 23(b)(1)(B).)

29.    The questions of law and fact common to the California class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (Fed.R.Civ.P. 23(b)(3).) More specifically,

a.        Members of the California class have little or no interest in individually controlling the prosecution of separate actions. (Fed.R.Civ.P. 23(b)(3)(A).)

b.        Plaintiff is not aware of any other litigation concerning the controversy already commenced by the California class. (Fed.R.Civ.P. 23(b)(3)(B).)

c.        It is desirable to concentrate the litigation of the claims in this Court because Genex does a substantial amount of business in this district;

d.      This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Fed.R.Civ.P. 23 (b)(3)(D).)

30.      Plaintiff contemplates providing a notice or notices to the California class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the California class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all class members except those who affirmatively exclude themselves by timely opting out.

31.      Plaintiff also contemplates providing a notice or notices to all of the FLSA Employees, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise each of the FLSA Employees that they shall be entitled to "opt into" the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA call members who timely request inclusion in the class.

## FIRST CLAIM FOR RELIEF FOR VIOLATION
## OF THE FAIR LABOR STANDARDS ACTION OF 1938
### (On Behalf of the FLSA Employees As Against Defendant)

32.      Plaintiff re-asserts and re-alleges the allegations set forth in Paragraphs 1 through 31, above excepting those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

33.      The FLSA regulates, among other things, the payment of overtime pay by Employers whose employees are engaged in commerce, or engaged in the production of goods for commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

34.   Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees for all hours worked and for those who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours. Genex is, and was, subject to this requirement to pay Genex Employees both for all hours worked and one and one-half times the employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. Defendants violated the FLSA by failing to pay Genex Employees for all hours worked.

35.   The persons employed by Defendants as Genex Employees in the United States regularly, and as a matter of policy and practice, worked and do work hours in excess of 40 hours per week and are not paid overtime although the duties they perform do not meet the requirements for overtime exemption under the FLSA or California law (i.e. Field Case Managers perform a finite set of non-exempt tasks which are standardized in manner that negate any exercise of independent judgment and discretion as to any matter of significance and negate any role in the participation of formulating GENEX business policies.) Specifically, GENEX's comprehensive corporate policies and procedures, requires the Plaintiff and other Field Case Managers to perform a finite set of non-exempt clerical tasks of meeting with clients in their homes, physician's or therapist's offices and/or work sites,  interviewing clients, reviewing client's pre-injury and/or pre-illness position, making appointments with client's physician or therapist, listening to and reviewing the physician's or therapist's diagnosis, obtaining prescriptions, communicating both in-person and by telephone with clients, employers, medical providers, attorneys, insurance carriers and claims adjusters, applying all special instructions required by individual insurance carriers and referral sources, following all pre-established and required case management plans, preparing reports and other required paperwork to document all casework

activities, meeting weekly billing requirements, operating office machines, accessing filing cabinets, and attending staff meetings, workshops and/or training programs all in strict compliance with established specific procedures and protocols which governed and controlled every aspect of the work performed by the Plaintiff and the other Field Case Managers. These standardized procedures mirror the realities of the workplace evidencing a uniformity of the highly skilled clerical work performed by the Plaintiff and the other Field Case Managers and negate any exercise of independent judgment and discretion as to any matter of significance and negate any role in the participation of formulating GENEX business policies. As a result, Defendants have deprived Plaintiff and the other Genex Employees of wages earned by not paying the Genex employees for all hours worked over 40 hours in that particular work week.

36.     Genex violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA Employees are entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

37.     The employment and work records for the Plaintiff are in the exclusive possession, custody and control of Defendants and Plaintiff are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211 and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff's payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## SECOND CLAIM FOR RELIEF FOR VIOLATIONS
## OF CALIFORNIA LAW
### (On Behalf of the California Class Only)

38.     Plaintiff reasserts and re-alleges the allegations set forth in Paragraphs 1 through 37 above, excepting those paragraphs that are inconsistent with this cause of action brought pursuant to California law.

39.     The Genex Employees employed by Defendant are subject to the terms and conditions of the California Labor Code and California Wage Orders, found in the California Code of Regulations, at Title 8, Section 11000, et seq., as amended.

40.     The persons employed by Defendants as Genex Employees in the State of California regularly, and as a matter of policy and practice, worked and do work hours in excess of 8 hours per day and/or 40 hours per week and are not paid overtime as they paid a salary and misclassified as exempt from overtime. The employees identified herein frequently work in excess of forty (40) hours in a workweek, and/or in excess of eight (8) hours in a day entitling them to payment of daily and weekly overtime pay under California Wage Orders and the California Labor Code. Defendant has failed to pay these persons all wages owed for all hours worked including correctly calculated premium overtime pay to which they are entitled, thereby violating California law.  This is in violation of California Labor Code sections 1194, 1198 and 510 and the Industrial Welfare Commission ("IWC") Wage Order applicable to Defendants' business. Also during the relevant time period, Genex intentionally and willfully failed to pay the minimum statutory overtime wages owed to Plaintiff and the other class members, even after Plaintiff was found to be non-exempt from overtime compensation in arbitration because the position fails to meet the requirements of independent judgment and discretion. Plaintiff and the other California class members are entitled to recover the unpaid balance of their minimum wages owed and/or overtime wages as well as interest, costs, and attorney's fees.

41.    Genex also does not comply with the requirements of Labor Code Section 226 which requires that "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee (and the last four digits of his or her social security number or an employee identification number other than a social security number *may* be shown on the itemized statement),

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Genex fails to provide accurate and complete information, as specified in items 1, 2, 5 and 9 above as set forth in section 226(a).

42.    California Labor Code Section 226(e) provides:   "An employee suffering injury as a result of a knowing and intentional failure by an employer to

comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees." Plaintiff and the California class members suffered injuries as defined and set forth in California Labor Code Section 226(e) because, in addition to Genex's failure to provide accurate and complete information, as specified in items 1, 2, 5 and 9 above as set forth in section 226(a), Plaintiff and the California class could not "promptly and easily determine" from the wage statement alone the correct hourly rate in effect during the pay period (i.e., without reference to other documents or information), nor was the overtime rate or the hours worked provided in the statements accurate.

43.     During the class period, Genex failed to provide Plaintiff and the California class members with timely and accurate wage and hour statements showing gross wages earned, net wages earned, and all applicable hourly rates in effect during each pay period with the corresponding number of hours worked at each hourly rate by that individual.

44.     As alleged herein, Plaintiff and the California class members are/were not exempt from the requirements of California's labor laws and regulations. Plaintiff and the California class members were and will be injured by Genex's failure to comply with the aforementioned requirements for time records and wage statements.

45.     Based on Genex's conduct as alleged herein, Defendants are liable to Plaintiff and the California class members for damages for each labor code violation, injunctive relief, plus interest, attorneys' fees, expenses, and costs of suit.

46.    The California class is entitled to receive the unpaid wages due them under California law. In addition, the California class is entitled to recover interest on the amount of unpaid wage pay due them and reasonable attorneys' fees and costs of suit, pursuant to Section 1194(a) of the California Labor Code. In addition, Section 203 of the California Labor Code provides for the payment of "waiting time penalties" if an employer does not properly pay all wages due an employee upon termination of the employee's employment. Genex Employees in the State of California whose employment with Defendants has terminated have not been properly paid the wages that are due them upon termination of their employment. Accordingly, these class members are entitled to recover "waiting time penalties" under Section 203 of the California Labor Code.

## THIRD CLAIM FOR RELIEF FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200
### (On Behalf of the California Class Only)

47.    Plaintiff reasserts and re-alleges the allegations set forth in Paragraphs 1 through 46, above excepting those paragraphs which are inconsistent with this cause of action for violations of the California Business and Professions Code § 17200.

48.    Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

49.    Defendants have engaged in, and continue to engage in the unlawful, unfair and fraudulent business practices alleged hereinabove in violation of Section 17200 of the California Business and Professions Code.

50.    These challenged policies and practices have harmed the named Plaintifs, the members of the California class and the general public.

51.    As a result of these unlawful policies and practices, Plaintiff is entitled to an injunction issue against Defendants, pursuant to Section 17203 of the California Business and Professions Code, to prevent them from engaging in such

future unlawful, unfair and fraudulent business practices. Plaintiff also is entitled to an order requiring Defendants to provide restitution to all persons who have suffered losses or injury as a result of these unlawful business practices, including but not limited to all Genex Employees employed in California during the applicable limitations period.

52.     Plaintiff is entitled to an award of reasonable attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5.

## FOURTH CLAIM FOR RELIEF BY PLAINTIFF TAYLOR-THOMAS INDIVIDUALLY AGAINST DEFENDANTS
### RETALIATION

53.     By this reference, Plaintiff hereby incorporate paragraphs 1-52 inclusive, of this document as if set forth herein.

54.     These claims are premised upon generalized notions of public policy. The California Supreme Court has made it clear that it is never legal to require an employee to violate the law or participate in an employer's effort to do the same. When this occurs, the employee can file a common law *public policy* claim and seek the full array of tort damages. *Tameny v. Atlantic Richfield Co*. (1980) 27 Cal.3d 167.   Employers are prohibited from punishing employees for asserting wage, benefits, or overtime issues. Labor Code Section 200 et seq.; *Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563. Employers are also prohibited from punishing employees for raising issues as to whether the firm has violated statutes, regulations, or other laws. *Tameny.*

55.     Claimant Taylor-Thomas complained to Defendants regarding the misclassification of the field case manager position to no avail.   She filed an arbitration wherein she was found to be non-exempt and entitled to overtime in March 2016. After prevailing in her arbitration, Plaintiff continued to work for Defendants. Defendant refused to reclassify her as non-exempt yet continued to

have her work over 8 hours per day and 40 hours per week without overtime. Taylor-Thomas complained but Defendant refused to convert her status, limit her hours worked or pay her overtime following the decision in her favor.  The job was not changed in any manner thereby subjecting Taylor-Thomas to further harassment and retaliatory conduct, including, but not limited to, the termination of her employment by requiring her to work over 40 hours per week/8 hours per day without overtime pay or be discharged if she would not work overtime without compensation. Despite the ruling in her favor confirming she was entitled to overtime compensation, she was subjected to the same treatment which gave rise to her victory in arbitration that awarded her overtime compensation for hours worked in excess of 8 hours per day/40 hours per week. When she confirmed she would no longer work overtime without being paid overtime now that she was found to be non-exempt employee through the arbitration proceeding, she was terminated.

56.    As a direct, foreseeable, and proximate result of Defendants' retaliatory acts, Taylor-Thomas has suffered and continues to suffer substantial losses, including lost earnings, job benefits, and medical expenses, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to Taylor-Thomas's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount to be proven at trial.

57.    Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Taylor-Thomas, and acted with an improper and evil motive amounting to malice, in conscious disregard of Taylor-Thomas rights.  Because the acts taken towards Taylor-Thomas were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Taylor-Thomas after she prevailed in an initial lawsuit establishing her right to

overtime, Taylor-Thomas is entitled to recover all damages stemming from her discharge and punitive damages in an amount according to proof.

## FIFTH CLAIM FOR RELIEF BY PLAINTIFF TAYLOR-THOMAS INDIVIDUALLY AGAINST DEFENDANTS
### Wrongful Termination In Violation Of Public Policy

58.     By this reference, Taylor-Thomas hereby incorporate paragraphs 1-57 inclusive, of this document as if set forth herein.

59.     These claims are premised upon generalized notions of public policy. The California Supreme Court has made it clear that it is never legal to require an employee to violate the law or participate in an employer's effort to do the same. When this occurs, the employee can file a common law *public policy* claim and seek the full array of tort damages. *Tameny v. Atlantic Richfield Co*. (1980) 27 Cal.3d 167.   Employers are prohibited from punishing employees for asserting wage, benefits, or overtime issues. Labor Code Section 200 et seq.; *Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563. Employers are also prohibited from punishing employees for raising issues as to whether the firm has violated statutes, regulations, or other laws. See *Tameny*.

60.     Defendants terminated Taylor-Thomas's employment in retaliation for demanding that Defendant reclassify her as non-exempt and pay her overtime for hours worked over 8 hours per day/40 hours per week or reduce her hours worked so she would not work any overtime hours. Taylor-Thomas explained to Defendant that she has just prevailed in her lawsuit and she was determined to be non-exempt and thus there was no justification to continue to deny her overtime and require her to work more than 8 hours per day/40 hours per week.   When Taylor-Thomas confirmed she would not work overtime without being paid for the overtime worked, she was terminated.

61.   In discharging Taylor-Thomas, Defendants violated the fundamental, substantial, and well established public policies embodied in the above statutes.

62.   As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Taylor-Thomas has suffered and continues to suffer substantial losses, including lost earnings, job benefits, and medical expenses.  In addition, Taylor-Thomas has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Taylor-Thomas's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

63.   Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Taylor-Thomas, and acted with an improper and evil motive amounting to malice, in conscious disregard of Taylor-Thomas's rights.  Because the acts taken towards Taylor-Thomas were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Taylor-Thomas, Taylor-Thomas is entitled to recover all damages stemming from defendant's conduct including punitive damages from Defendants in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows as to Claims Brought as a Class And/Or Collective Action:

1.   Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff and all other who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

2.      Order a complete and accurate accounting of all the compensation to which the Plaintiff and all others who are similarly situated are entitled;

3.      For compensatory damages against Defendants to be paid to the FLSA Employees, including all wages and overtime pay owed to the FLSA Employees under the FLSA;

4.      For liquidated damages against Defendants to be paid to the FLSA Employees under Section 16(b) of the FLSA;

5.      For compensatory damages against Defendants to be paid to the California class, including all wages and overtime pay, and statutory damages for violation of California Labor Code Section 226 owed to the California class under California law;

6.      For "waiting time penalties," pursuant to Section 203 of the California Labor Code, against Defendants to be paid to members of the California class whose employment has terminated with Defendants and who were not timely paid all wages due and owing to them at the time of such termination;

7.      For attorneys' fees and costs as allowed by Section 16(b) of the FLSA, Section 1194 of the California Labor Code, Section 1021.5 of the California Code of Civil Procedure;

8.      For an order requiring Defendants to pay restitution for its unlawful conduct in the State of California; and

9.      For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices alleged herein; and

10.     Grant such other legal and equitable relief as may be just and proper.

WHEREFORE, Plaintiff prays for judgment as follows as to Claims Brought for Retaliation and Wrongful Termination:

11.     That Taylor-Thomas has and recovers a judgment against Defendants in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages;

12.     That Taylor-Thomas has and recovers a judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants;

13.     That Taylor-Thomas has and recovers a judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees and costs;

14.     That Taylor-Thomas has and recovers a judgment against Defendants enjoining Defendants from engaging in each of the unlawful practices set forth in this Complaint;

15.     That Taylor-Thomas recovers pre-judgment and post-judgment interest; and

16.     That Taylor-Thomas has such other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff does not demand a jury trial.


DATED: September 30, 2016                    **RIGHETTI · GLUGOSKI, P.C.**

                                             ___/s/ John Glugoski_____
                                             John Glugoski
                                             Attorney for Plaintiff